## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

United States of America : Case No. 2:13-CR-270(6)

    -VS-                   :       Judge Frost

Wayne Coffman

   Defendant.              :

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR A LEGALLY SUFFICIENT SENTENCE

Defendant Wayne Coffman, by and through counsel, moves this Court pursuant to 18 U.S.C. §3553, and §§5H1.1; 5H1.2; 5H1.3; 5H1.4; 5H1.6; 5H1.7; and 5H1.12 of the United States Sentencing Guidelines, to fashion a legally sufficient sentence in this matter. A Memorandum in Support is attached and incorporated herein.

                                    Respectfully submitted,

                                    /s/ Todd W. Barstow
                                    TODD W. BARSTOW
                                    Attorney for Defendant
                                    538 S. Yearling Rd.   Ste. 202
                                    Columbus, OH 43213
                                    614-338-1800
                                    Ohio Reg. No. 0055834
                                    toddbarstowatty@att.net

## MEMORANDUM IN SUPPORT

**A.   BACKGROUND**:

Wayne is a young man who has begun to learn the value of hard work and having

a legitimate job and income. Since his release he has been working in his uncle's auto repair shop. Wayne was born and raised in Columbus. He has six brothers and sisters, all but one of whom are working or are students. Wayne had a difficult childhood. His father was physically and verbally abusive and his mother struggled with drug addiction. Wayne also began using illicit substances at an early age, and cites them as part of the reason for his current legal situation. Wayne now lives with his sister Juanita, who is disabled as a result of a motor vehicle accident that took their mother's life in 2012. Juanita has long been an important figure in Wayne's life, essentially acting as his mother when he was younger. Wayne has one child of his own, with whom he has a strong relationship. Sadly, Wayne dropped out of school in the ninth grade and does not have a diploma or GED. Wayne has a severe learning disability that was untreated, most likely due to the highly dysfunctional nature of Wayne's home as a youth. Consequently, Wayne has relied upon disability benefits and trafficking in drugs as his sources of income. Wayne now realizes that he cannot continue down this path. He has expressed to counsel on several occasions that he enjoys working and although he does not make much money, it is a far better way to support himself than his previous lifestyle. And, as Wayne has observed, it is much safer.

### B.  JUSTIFICATION FOR VARIANCE:

As finally calculated by the PSR, under the advisory Sentencing Guidelines, Wayne's adjusted offense level is 10 and his criminal history is Category III. Accordingly, Wayne's applicable guideline range is 10-16 months.

When sentencing an individual, this Court is required to determine how to best comply with 18 U.S.C. 3553(a)'s "primary directive" to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes "of sentencing. In making

that determination, this Court should consider the advisory sentencing guidelines, but must also weigh all of the section 3553(a) factors.  *Kimbrough v. United States* (2007), 1268 S. Ct. 558, 564-5; *United States vs. Booker* (2005), 543 U.S. 220, 245.   That statute requires this Court to give "respectful consideration" to the guidelines, but "permits the court to tailor the sentence in light of other statutory concerns as well."   *Kimbrough* at 570, citing *Booker* at 245-6; *see also Gall vs. United States* (2007), 128 S. Ct. 586, 594-6. This Court is free to impose a non-guideline sentence when the case falls outside the "heartland"; when the guideline range fails to reflect section 3553(a) considerations, or when a case "warrants a different sentence regardless."   *Rita vs. United States* (2007), 127 S. Ct. 2456, 2465.

      The "sufficient but not greater than necessary" directive is not a "factor" to be considered.   Rather, it sets an independent upper limit on the sentence this Court may impose.   In determining what sentence is sufficient but not greater than necessary, this Court should consider several factors including (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offenses; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the guidelines and policy statements issued by the Sentencing Commission, including the (now advisory) guideline range; (5) the need to avoid unwarranted sentence disparity; and (6) the need to provide restitution.   18 U.S.C. §3553(a)(1)-(7).

      While this Court should consider the sentencing guideline range calculated by the

probation officer (PSR 52), it must also consider all of the section 3553(a) factors.   In Wayne's case, the advisory guideline range calls for a sentence that is longer than necessary to meet the purposes of sentencing.   The circumstances of his life and his actions in this case call for a sentence less than that indicated by the advisory range. Consideration of Wayne's circumstances and actions in light of all the of the section 3553(a) factors, including grounds for downward departure described by the guidelines, show that a sentence less than the guidelines calculation is merited.

In sentencing Wayne, this Court should also consider the grounds for a legally sufficient sentence within the Guidelines and the statutes.   "In accord with 18 U.S.C. 3553(a), the Guidelines, formerly mandatory, now serve as one factor along with several a court must consider in determining an appropriate sentence."  *Kimbrough* at 564. Following *Booker*, the guidelines no longer dominate sentencing.   They no longer remove from consideration factors such as age; substance abuse issues or a disadvantaged upbringing, that were always relevant under section 3553(a), but which were previously forbidden to sentencing courts.   *See e.g.* USSG §§5H1.3; 5H1.5; 5H1.6; 5H1.7; 5H1.8; 5H1.9; and 5H1.10.    Sentencing courts may disagree with a guidelines' application to a certain individual, as well as the guidelines' provisions underlying policy.  *Kimbrough* at 570, 574-5.

In the instant case, Wayne's mental conditions, (learning disability, PSR 118); his lack of education and vocational skills (PSR 117); his chaotic and highly dysfunctional childhood; (PSR 100-104); his role in the offense, (follower not leader, PSR 67-70); and his socio-economic position as an unskilled single parent (PSR 107; 119-120) are all factors under section 3553 that this Court should consider in fashioning a sentence less than that called for under the advisory Guidelines. Even a brief period of incarceration, as

called for in the PSR, (Sentencing Recommendation p. 2) would seriously disrupt his recent progress towards responsible citizenship would impose a more severe sanction than necessary to accomplish the goals of just and sufficient punishment for his actions in this case.

C.   CONCLUSION:

Wayne's goal at this point in his life is to continue the progress he has made since his release.   He would like to obtain his GED and learn a skill or trade so he can support himself and his child and also assist his disable sister.   Wayne respectfully requests that this Court impose a sentence that is consistent with the goals of sentencing taking into consideration the factors presented in this Motion.

Respectfully submitted,

/s/ Todd W. Barstow
TODD W. BARSTOW
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing Motion for a Legally Sufficient Sentence upon the United States Attorney, by electronic transmission via the ECF system, this the 25th day of June, 2014.

/s/Todd W. Barstow
TODD W. BARSTOW
Attorney for Defendant